**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50202 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00403-PA-1 |
| v. | |
| CHARLES FITZGERALD BRANCH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted January 9, 2024[**]
Pasadena, California

Before:  CALLAHAN, CHRISTEN, and BENNETT, Circuit Judges.

Charles Branch appeals his jury conviction and sentence for two counts of possessing stolen mail in violation of 18 U.S.C. § 1708.  We presume the parties' familiarity with the facts and do not discuss them in detail here except as needed to provide context.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 3742.  We affirm.

1.      Branch argues that the district court abused its discretion in admitting Officer Koh's testimony that, prior to arresting Branch on November 23, 2020, he overheard on the police radio that a detective had replayed surveillance footage of the apartment complex's mailroom and relayed a description of a subject removing items from mailboxes.  Branch argues that this statement constituted inadmissible hearsay because the declarant—Detective Anderson—did not testify at trial, and the evidence had no relevance other than to establish the truth of the matter asserted, *i.e.*, that Branch was observed stealing mail prior to his arrest.

Branch's argument fails because Detective Anderson's statement was offered to establish the effect it had on the listener—here, Officer Koh—rather than the truth of the matter asserted.  Officer Koh testified that when he arrived at the apartment complex he saw Branch's black drawstring bag, and when he searched the drawstring bag, he found mail not belonging to Branch.  When asked why he searched Branch's bag, Officer Koh testified that he did so because of Detective Anderson's statement that the suspect had put mail into a black drawstring bag. Detective Anderson's description of the suspect was therefore not hearsay, as it was offered to explain Officer Koh's actions regardless of whether Detective Anderson's statement was true.  *See United States v. Lopez*, 913 F.3d 807, 826 (9th Cir. 2019).

Even if Detective Anderson's statement were hearsay, it would nonetheless

be admissible as a present sense impression. Detective Anderson had personal knowledge of what he was describing, and he described the surveillance footage "while or immediately after" viewing it. Fed. R. Evid. 803(1); *Bemis v. Edwards*, 45 F.3d 1369, 1373 (9th Cir. 1995). According to the police report, Detective Anderson gave his description of the suspect within four minutes of watching the surveillance footage, indicating he did not have a "chance for reflection" between seeing the footage and making the description. *Bemis*, 45 F.3d at 1372; *United States v. Orm Hieng*, 679 F.3d 1131, 1142 n.2 (9th Cir. 2012) (holding that reports of an event "some minutes" after the declarant observed that event was "sufficiently close in time" to satisfy Rule 803(1)).

2. Branch further argues that the district court abused its discretion by admitting evidence of Branch's parole violation and arrest warrant, and excluding evidence that Branch was transient at the time of his arrests. According to Branch, evidence of his parole violation and arrest warrant was prejudicial because it communicated to the jury that Branch was a criminal and that there could be no innocent explanation for the mail in his possession. Similarly, Branch asserts that exclusion of evidence that he was transient at the time of his arrests was prejudicial because it would have provided an innocent explanation for Branch's possession of multiple bags.

Branch's arguments do not carry the day. Even if the district court's

evidentiary rulings were an abuse of discretion, any error was harmless because it did not have a "material impact on the verdict." *United States v. Lopez*, 4 F.4th 706, 714 (9th Cir. 2021). Mention of Branch's parole violation and arrest warrant "came up only incidentally," and the government "did not state the crime" for which Branch had been on parole. *United States v. Guerrero*, 756 F.2d 1342, 1347 (9th Cir. 1984). The district court also instructed the jury to not consider "evidence that [Branch] committed other crimes," which further supports a finding of harmless error. *See United States v. Neill*, 166 F.3d 943, 947 (9th Cir. 1999). Finally, the government presented extensive evidence for the jury to conclude that Branch committed the charged offense, including three instances where Branch possessed stolen mail. Further, the evidence showed that Branch did not simply possess a few pieces of stolen mail—which perhaps could have happened by accident—but rather possessed hundreds of items that were not addressed to him. And the mail Branch possessed was not likely to be mistakenly discarded by others, as it included financial documents, tax forms, credit card statements, and medical records. Accordingly, the district court's evidentiary rulings, even if erroneous, were nonetheless harmless.[1]

3.  Branch next argues that his sentence was procedurally and

---

[1]  For these same reasons, Branch's argument that the cumulative effect of the district court's evidentiary errors rendered his trial "fundamentally unfair" also fails. The evidence of guilt in this case was "otherwise overwhelming." *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007).

substantively unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) factors, instead focusing on Branch's prior unrelated conduct. Branch also argues that the district court improperly increased his sentence to foster rehabilitation, in violation of *Tapia v. United States*, 564 U.S. 319 (2011).

The record shows that at sentencing, the district court explicitly considered the § 3553(a) factors, including the need for the sentence to protect the public from Branch's future crimes, 18 U.S.C. § 3553(a)(2)(C). The district court also considered the sentencing range established for Branch under the U.S. Sentencing Guidelines, *id.* § 3553(a)(4), and determined that the 18-to-24-month range was "insufficient and does not satisfy the statutory goals of sentencing."

There was no *Tapia* error, either. Although the district court stated that the sentence would "hopefully put [Branch] in a position where he can get the help that he deserves," a court does not err "by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs," *Tapia*, 564 U.S. at 334. Moreover, the district court "adequately explained the sentence" in view of Branch's recidivism and the need to protect the public. *United States v. Laurienti*, 731 F.3d 967, 975 (9th Cir. 2013); 18 U.S.C. §§ 3553(a)(1), 2(C).

4. Finally, Branch argues that the district court abused its discretion by imposing an alcohol condition as part of Branch's supervised release because he claims there was no indication that he had prior conduct related to alcohol, that

alcohol was relevant to the charged offense, or that he drank regularly. For support, Branch points to *United States v. Betts*, 511 F.3d 872 (9th Cir. 2007), but in that case, "there was no evidence that Betts had any past problems with alcohol." *Id.* at 878. Here, the record shows that Branch most certainly had "past problems with alcohol." For example, Branch had been arrested for driving under the influence of alcohol with a blood alcohol content of 0.14 percent, and had been arrested for possessing a controlled substance, during which police officers found him drinking from an open container of Schlitz Malt liquor. Therefore, unlike in *Betts*, the district court here had reason to impose the alcohol condition. The district court also noted that Branch "began using drugs at an early age," and had multiple arrests and convictions for possessing controlled substances and controlled-substance paraphernalia. In light of Branch's history of drug abuse, it was reasonable for the district court to require that Branch stay "drug-free." *United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008).

**AFFIRMED**.